Turney, J".,
delivered the opinion of the Court.
Under the anti-nuptial settlement, the wife is.not bound by the mortgage deed of 16th November, 1860, executed by herself and husband to Erancis D. Bowen, for a house and lot' in the town of G-allatin, to secure the payment of the following note, viz.:
*37 November 16th, 1860.
$1,500. Twelve months after date, we promise to pay to Francis D. Bowen, or order, fifteen hundred dollars for value received, with interest from date, at the rate of seven per cent, per annum. Witness our hands and seals,
LucieN M. Temple,
G-ulielma D. Temple.
The article of settlement is in this language:
“ Marriage Contract.”
"Whereas Inicien M. Temple, of the county of Davidson, and Gulielma D. Odom, of the county of Sumner, and both of the State of Tennessee, have it in contemplation to intermarry, and with a view to their approaching marriage, have agreed to execute a contract, whereby the property of the said Gulielma D. shall' he protected and assured to her own sole and separate use, free from the debts or claims of the creditors of the said Luden M. It is therefore, in consideration of the premises, agreed by the parties so to contract and so to fix and assure the property of the said Gulielma D., and the said Gulielma D. doth hereby for this purpose convey unto the said Luden M. Temple, his heirs and assigns, etc., the following property belonging to her, viz.: an undivided interest in the estate of her father, Harris Odom, deceased; also an- undivided interest in the estate of her sister, Adaline Odom, deceased; also a negro man Harry, about eighteen years of age; also negro boy Austin, about five *38 years of age; ■ also a negro boy Gilbert, about eight years of age; also negro woman Patsey, about forty-eight years of age; also negro girl Susan, about sixteen years of age; also negro girl Ellen, about fourteen years of age; to have and to hold the aforesaid property to the said Lueien M., his heirs, etc., in trust, nevertheless, for the sole and separate use of her, the said Gulielma L>., and her heirs for ever, free from the claims of any creditor or creditors of the said Lueien M., and free from his power of disposition, except with the consent and concurrence of her the said Gulielma I). In like manner and for like purposes the said Gulielma H. doth convey unto the said Lueien M. Temple, his heirs and assigns for ever, all her right of property of every kind not yet accrued, and which yet may come into her possession by deed of gift, will, or otherwise in any manner. This conveyance shall embrace all choses in action now belonging or hereafter to belong to her, the said Gulielma L>., and which have not been realized.
It being the real intention of this conveyance to continue the said Gulielma H., in reference to her said property a feme sole to all legal intents and purposes.
It is further understood that the power is expressly reserved to the said Gulielma I), to dispose of all or any of her property, as well of what is above described as of her real estate, by last will and testament, or by deed of gift, and if she shall fail to do so, then it shall descend to her *39 heirs, and in case she shall die without children or issue, it shall belong to the said Luden M. Temple, in the event he survives her; but her right to dispose of the same as aforesaid in any way which she may choose is in no event to be impaired or restricted.
Given under hands and seals this 27th day of March, 1856.
[Signed] LucieN M. Temple,
Gulielma D. Odom.
[Witness]
¥i. R. EllistoN,
Joseph T. E. Odom.
The husband and trustee violated the intention and purposes of the deed of settlement, as well as his trust, by making the mortgage; his mortgagee was in equal wrong with him, with notice of the rights of the wife. This of itself repels the latter seeking relief from a Court of Chancery.
All the cases agree that it is competent to tie up an estate for the benefit of a married woman: Mayberry v. Neeley, 5 Hum., 337; placing it beyond the control of the husband, and devoting the proceeds to the separate use of the wife.
Such marriage settlements have uniformly been supported by the Courts. If supported at all, they ought to be supported according to their plain sense, and the manifest intention of the grantor. Npon principle, therefore, the Courts ought to give such effect to a deed of marriage settlement as the person maldng the grant intended it should have, which *40 intention is to be collected from the whole scope of the instrument. Hence, tlie wife’s right and power to dispose of property embraced in the settlement are not those of a feme sole, bnt depend upon the terms of the deed of settlement. She can dispose of the property only in the manner and by the inodes designated in the deed. Morgan v. Elam, 4 Yer., 375 to 451.
When a feme covert is empowered by deed to dispose of property by deed of gift, or by will, it can be disposed of in no other way, and a disposition of it by bill of sale is void. Marshall v. Stephens, 8 Hum., 159.
When property is given to a married woman to her separate use, and a mode of disposition is prescribed in the instrument creating the estate, the settled rule of law in Tennessee is, that the feme covert can only dispose of the property in the mode indicated. Ware v. Sharp, 1 Swan, 489.
Recurring to the principle that Courts ought to give such effect to a deed of marriage settlement as the grantor intended it should have, and construing the deed in question thereby, we look to the several clauses of the deed to ascertain therefrom the intention of the feme who is the grantor.
It cannot be denied that it was the intention of the parties to secure to the future wife, whatever might be the fortune of the husband, such estate in her patrimony as would secure her a comfortable and suitable support; to this end, before their marriage, the parties made the contract, de- *41 daring on its face that it is to assure and protect to the feme, to her own sole ■ and separate use, free from the debts or claims of the creditors of the future husband the property then belonging to, or that might thereafter belong to her, and for this purpose the conveyance is made in trust to the husband. This intention is clearly manifest from the instrument.
The clause in the deed of settlement, “ To have and to hold the aforesaid property to the said Luden M., his heirs, etc., in trust, nevertheless, for the sole and separate use of her, the said Grulielma H., and her heirs forever, free from the claims of any creditor or creditors of the said Lucien M., and free from his power of disposition, except with the consent and concurrence of her, the said G-ul-ielma D.,” which is relied upon to make good the mortgage as against the wife, correctly interpreted, means, that the husband and trustee shall only be authorized and empowered to dispose of the property for the -benefit of the wife, she consenting and concurring; as, for example, to exchange one article of property for another, or to sell one article and invest the proceeds in the purchase of another, that, so exchanged for or bought, to be affected with the limitations and restrictions of the trust under which he held the property converted, and even to do this, it might, perhaps, be necessary to invoke the aid of a Court of Chancery, as the mode is not specifically defined in the grant.
A different rendering of this clause makes the *42 marriage settlement defeat tbe object of its creation; and tbe intention of tbe parties to provide against tbe misfortunes of tbe future busband, as well as to control tbe influence of tbat busband, and tbe yielding power of tbe wife thereto, fails.
Tbis view is made more eminently certain by tbe last clause in tbe deed of settlement, expressly reserving to tbe said G-ulielma D., tbe power “to disxDose of all or any of ber property, as well of wbat is above described, as of ber real estate, by last will and testament, or by deed of gift; and, if sbe shall fail to do so, then it shall descend to ber heirs, and in case sbe shall die without children or issue, it shall belong to tbe said Lucien M. Temple, in tbe event be survives ber; but ber right to dispose of tbe same as aforesaid, (referring to tbe power reserved of disposal by will or deed of gift,) in any way sbe may choose, is in no event to be impaired or restricted.”
By tbis last provision is defined tbe only power of disposition reserved to tbe • wife, and it has not been pursued — a mortgage or deed in trust is not tbe manner and mode designated in tbe deed of settlement.
Tbe clause, “It being tbe real intention of tbis conveyance to continue tbe said G-ulielma D. in reference to ber said property, a feme sole, to all intents and purposes;” was intended to, and does mean, tbat tbe marital rights of, tbe busband shall not so attach as to subject tbe property to bis debts *43 or contracts, nor so as to authorize Mm to dispose of it of Ms own will; but that it shall remain in him as trustee for the benefit of the wife, under the restrictions of the deed of settlement; any other interpretation is inconsistent with the purposes and design of the settlement, and leaves the wife in no better condition than if no settlement had been made.
Collecting the intention of the parties from the whole scope of the instrument, and declaring it to have been, as we have already written, the decree of the Chancellor relieving the house and lot from incumbrance by the mortgage is correct.